IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-00985-RM-SKC

MISHELLE GARCIA TLAMAYO,

    Plaintiff,

v.

TEVA PHARMACEUTICALS USA, INC.;
TEVA WOMEN'S HEALTH, LLC; and
DURAMED PHARMACEUTICALS, INC. dba
TEVA WOMEN'S HEALTH, INC.,

    Defendants

---

## ORDER TO SHOW CAUSE

---

This matter is before the Court *sua sponte* after reviewing the complaint and finding an issue is raised as to whether Plaintiff has shown that subject matter jurisdiction exists. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001) (A federal court has an independent obligation to examine its own jurisdiction at every stage of the proceeding.). Plaintiff asserts there is complete diversity of citizenship between the parties and, therefore, subject matter jurisdiction exists under 28 U.S.C. § 1332(a). Plaintiff's complaint, however, fails to plausibly allege facts to establish diversity jurisdiction.

Defendants consist of two corporations and one limited liability company. The allegations concerning these entities raise three questions. First, who is the defendant as between Duramed Pharmaceuticals, Inc. ("Duramed") and Teva Women's Health, Inc.? It is unclear from the complaint and because the caption identifies the defendant as Duramed d/b/a Teva Women's

Health, Inc. but the allegations identify the defendant as Teva Women's Health, Inc. and asserts that this entity may be the successor-in-interest to Duramed.

Next, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff, however, fails to allege where the corporate Defendants are incorporated. In addition, Plaintiff fails to allege where the corporate Defendants have their principal place of business. Instead, Plaintiff alleges Defendant Teva Pharmaceuticals USA, Inc.'s "headquarters" are in Delaware and Defendant Teva Women's Health, Inc.'s "headquarters" are in Ohio. But, it is a defendant's principal place of business which controls and the allegations are unclear that these corporate Defendants' "headquarters" are their principal place of business. And, of course, if one of the defendants is Duramed (rather than Teva Women's Health, Inc.), then it is Duramed's state of incorporation and principal place of business which are relevant.

Finally, "an LLC, as an unincorporated association, takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (citation omitted); *see also, e.g., Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("an unincorporated entity's citizenship is typically determined by its members' citizenship"). But instead of identifying Defendant Teva Women's Health, LLC's members, Plaintiff alleges the LLC is a corporation and "is and/or was a wholly owned subsidiary" of Defendant Teva Pharmaceuticals, Inc. (ECF No. 1, ¶ 12.) But, diversity jurisdiction is determined by the LLC's *members* at the *time* the action was brought. *Price v. Wolford*, 608 F.3d 698, 702 (10th Cir. 2010) ("Ordinarily, the jurisdiction of the Court depends

upon the state of things at the time of the action brought." (internal quotation marks and citation omitted)).

Accordingly, it is **ORDERED** that on or before **April 16, 2021**, Plaintiff shall show cause why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.

DATED this 8th day of April, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge
