IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-00985-RM-SKC

MISHELLE GARCIA TLAMAYO,

    Plaintiff,

v.

TEVA PHARMACEUTICALS USA, INC.;
TEVA WOMEN'S HEALTH, LLC; and
DURAMED PHARMACEUTICALS, INC. dba
TEVA WOMEN'S HEALTH, INC.,

    Defendants

---

**ORDER**

---

    This matter is before the Court on Plaintiff's response (ECF No. 7) to the Order to Show Cause (ECF No. 6) as to why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's response addresses some of the Court's concerns but also raises others.

    Three defendants are named in the caption, but a fourth "defendant" is identified in the response. The Court starts with the first named defendant.

    ***Teva Pharmaceuticals USA, Inc. ("Teva USA")***: Plaintiff asserts this defendant is a Delaware corporation with its principal place of business in New Jersey. If so, then Teva USA is a citizen of Delaware and New Jersey.

    ***Teva Women's Health, LLC ("TWH LLC")***: Plaintiff alleges that this LLC is a Delaware limited liability whose sole member is Barr Pharmaceuticals, LLC ("Barr"). And that Barr's sole member is Teva USA. If so, then TWH LLC takes the citizenship of Teva USA. As

stated above, Teva USA is allegedly a citizen of Delaware and New Jersey.

Plaintiff, however, asserts that TWH LLC is a citizen of Delaware and *Ohio*, presumably because TWH LLC is allegedly a Delaware limited liability company with its principal place of business in Ohio. But, as set forth in the Order to Show Cause, the citizenship of an LLC is not determined by its principal place of business or place of incorporation. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("an unincorporated entity's citizenship is typically determined by its members' citizenship").

**Duramed Pharmaceuticals, Inc. dba Teva Women's Health, Inc.**: Plaintiff fails to show the place of incorporation or principal place of business of Duramed Pharmaceuticals, Inc. ("Duramed"). However, Plaintiff asserts that Duramed's name was changed to either Teva Women's Health, Inc. ("TWH Inc.") or TWH LLC, depending on which paragraph one reads. *See* Response, ¶ 4 (Duramed's name was changed to TWH Inc.) & ¶ 7 (Duramed is now known as TWH LLC). But, the caption of the complaint states that Duramed is "dba" (doing business as) TWH Inc. And, based on the response, it appears that Duramed is n/k/a (now known as) either TWH Inc. or TWH LLC. Or, perhaps, because Plaintiff asserts that TWH Inc. became TWH LLC the defendant at issue is TWH LLC f/k/a TWH Inc. f/k/a Duramed. The record is unclear.

In any event, if Plaintiff seeks to hold Duramed and TWH Inc. liable as defendants in this case, their places of incorporation and principal places of business must be shown in order to determine if diversity jurisdiction exists.

**Teva Pharmaceuticals Industries Limited ("Teva Ltd.")**: Plaintiff alleges this entity is a "defendant" in her response but Teva Ltd. does not appear in the caption of the complaint. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").

At bottom, the Court is unable to determine which defendant to consider when it comes to Duramed and, further, that there is complete diversity. The Court, however, will allow Plaintiff one final opportunity to show that diversity jurisdiction exists. Accordingly, on or before **April 29, 2021**, Plaintiff may supplement her response to the Order to Show Cause. Plaintiff's supplement, however, must be supported by competent evidence of the place of incorporation, principal place of business, and members of any LLCs, as appropriate, of the relevant defendants.

**SO ORDERED.**

DATED this 15th day of April, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge